SERVERA, PETICIONARIO Y APELANTE, *v*. OTERO, SECRETARIO
MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en un recurso sobre *mandamus*.

No. 1220.—Resuelto en abril 21, 1915.

HIJOS NATURALES—SU RECONOCIMIENTO EN TESTAMENTO—REGISTRO CIVIL—APRO-
BACIÓN JUDICIAL.—El reconocimiento de hijo natural hecho en testamento
ante notario puede anotarse en el registro civil aunque' no haya muerto el
testador, y no necesita la aprobación judicial que se exige cuando se hace
en otra clase de documento público que no sea el testamento o el acta de
nacimiento.

ID.—ANOTACIÓN MARGINAL. DEL RECONOCIMIENTO EN EL REGISTRO CIVIL—PARTES
INTERESADAS.—Son personas interesadas en la anotación marginal en el
registro civil del reconocimiento de hijos naturales, no solamente los meno-
res reconocidos sino también el padre o madre que los reconoce a tenor del
artículo 19, párrafo 1°. de la Ley de Registro Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Juan Llaneras.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

En el testamento que Enrique Guillermo Servera otorgó
ante notario público el 15 de septiembre de 1914 reconoció
como hijos naturales suyos a los niños Luis-Vicente, Aurelio
y Rosalía, inscritos en el Registro Civil de San Germán como
hijos naturales de Monserrate Giménez y habiendo solici-
tado el testador, por medio de abogado, de Francisco Otero
Rivera, encargado de dicho registro, que anotase esa reco-
nocimiento al margen de tales inscripciones, se negó a ello.
Entonces Enrique Guillermo Servera acudió al Tribunal de
Distrito de Mayagüez exponiendo esos hechos y pidiéndole
que mediante un auto de *mandamus* ordenase al encargado
del registro civil que hiciese tales anotaciones marginales.

El Tribunal de Distrito de Mayagüez se negó a expedir
el auto solicitado fundándose en que no habiendo fallecido
el otorgante del testamento, no tenía este documento más

fuerza y valor que cualquiera otra escritura pública de reconocimiento de hijo natural y necesitaba, por tanto, la aprobación judicial para que surta efectos legales, y además porque la persona que presentó el testamento al demandado no era persona interesada en la inscripción o anotación ni representaba a los interesados según dispone el artículo 19, párrafo 1°. de la ley vigente del registro civil. Contra esta resolución interpuso el peticionario el presente recurso de apelación.

La naturaleza jurídica del testamento es la disposición de los bienes para después de la muerte del testador, por lo que en cuanto a ellos no produce efecto legal hasta después que ocurre el fallecimiento; pero como el legislador ha permitido por el artículo 193 del Código Civil Revisado, según fué enmendado en el año 1911, que en él pueda hacerse el reconocimiento de hijos naturales y en ese caso lo exime de la aprobación judicial que exige para cuando se hace en cualquier otro documento público que no sea el acta de nacimiento, no puede sostenerse que mientras ocurre la muerte del testador el reconocimiento que hizo de hijos naturales necesita la aprobación judicial como si estuviera hecho en documento público que no sea testamento.

El reconocimiento está hecho en testamento y por tanto surte el efecto de no necesitar la aprobación judicial. El legislador eximió de ese requisito el reconocimiento hecho en testamento a pesar de que sabía que tal clase de documento no produce efectos en cuanto a la disposición de bienes hasta después de la muerte del testador y nosotros debemos respetar su voluntad, basada sin duda en las mayores solemnidades requeridas para esa clase de documentos y en la meditación y deliberación que generalmente concurren en los testamentos. Además, según el artículo 731 del propio código, quiso que el reconocimiento no perdiera su fuerza legal aunque se revocara el testamento, lo que demuestra que no es necesario que el testamento llegue a producir efectos como tal para que el reconocimiento conserve su fuerza legal, que

en esos casos es la de haber sido hecho en testamento y la de estar exento de la aprobación judicial.

En cuanto al segundo fundamento de la resolución apelada, entendemos que según el artículo 19, párrafo 1º. de la Ley del Registro Civil son personas interesadas en la anotación marginal de que se trata no solamente los menores reconocidos, sino también el padre o madre que los reconoce y por tanto que Enrique Guillermo Servera tiene derecho para solicitar personalmente o por medio de su abogado la anotación marginal del reconocimiento que hizo de sus hijos.

Por las razones expuestas somos de parecer que debe revocarse la resolución apelada con instrucciones al juez del tribunal inferior para que expida el auto de *mandamus* en la forma que crea conveniente de acuerdo con la ley.

> *Revocada la orden apelada, ordenándose a la corte inferior proceda a expedir el auto de mandamus en la forma que lo crea conveniente de acuerdo con la ley.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.